# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

TERA BLACK,                          )
                                     )
            Plaintiff,               )
                                     )
v.                                   )   Case No. CIV-13-321-KEW
                                     )
CAROLYN W. COLVIN, Acting            )
Commissioner of Social               )
Security Administration,             )
                                     )
            Defendant.               )

## OPINION AND ORDER

Plaintiff Tera Black (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and the case is REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on November 26, 1973 and was 38 years old at the time of the ALJ's decision. Claimant completed her education through the eighth grade. Claimant has worked in the past as a cabinet assembler, cashier, farm laborer, car wash attendant, and general office clerk. Claimant alleges an inability to work beginning October 7, 2007 due to limitations resulting from bipolar

3

disorder and other mental disorders, depression, low back pain, leg pain, and status post back surgery.

**Procedural History**

On December 15, 2009, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On January 19, 2012, an administrative hearing was held before Administrative Law Judge ("ALJ") John Belcher by video with Claimant appearing in Muskogee, Oklahoma and the ALJ presiding in Tulsa, Oklahoma. He issued an unfavorable decision on March 16, 2012. The Appeals Council denied review of the ALJ's decision on June 6, 2013. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform less than a full range of sedentary work.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error in failing to properly consider the opinion of the State Agency physician regarding Claimant's mental functioning.

**Evaluation of the Opinion Evidence**

In his decision, the ALJ found Claimant suffered from the severe impairments of lumbar degenerative disc disease, bipolar disorder, PTSD, and adult anti-social behaviors. (Tr. 11). The ALJ determined Claimant retained the RFC to perform less than a full range of sedentary work. In so doing, the ALJ found Claimant could lift/carry, push/pull 10 pounds occasionally and less than 10 pounds frequently; stand/walk for two hours in an 8 hour workday, no more than 15 minutes at a time; and sit for 6 hours in an 8 hour workday, with normal breaks. He also determined Claimant could occasionally climb stairs, but could not climb ladders, ropes, and scaffolding. She could occasionally balance, bend, or stoop, kneel, crouch, and crawl.

She must avoid concentrated exposure to fumes, odors, dusts, toxins, gases, and poor ventilation. The ALJ determined Claimant could perform simple tasks, could have superficial contact with co-workers, but should have no close proximity to co-workers, could have superficial contact with supervisors, but the direction should

5

be simple, direct, and concrete instructions. She could not relate to the public and can have no more than incidental contact with the public, such as a janitor who may be around the general public when mopping the floor. Claimant could respond to simple questions from the public, such as responding to questions for directions to an office or restroom. (Tr. 14).

After consultation with a vocational expert, the ALJ found Claimant could perform the representative jobs of clerical mailer, assembler, and trimmer, all of which the vocational expert testified existed in sufficient numbers nationally and regionally. (Tr. 24). The ALJ, therefore, concluded Claimant was not disabled. Id.

Claimant contends the ALJ failed to properly evaluate the opinion of Dr. Kathleen Gerrity, a State Agency reviewing mental health professional. On April 23, 2010, Dr. Gerrity completed a Mental RFC Assessment form on Claimant. She determined Claimant was markedly limited in the areas of the ability to understand and remember detailed instructions, ability to carry out detailed instructions, and ability to interact appropriately with the general public. (Tr. 708-09). In her narrative statement, Dr. Gerrity stated Claimant could perform simple tasks with routine supervision, could relate to supervisors and peers on a superficial work basis, could not relate to the general public, and could adapt to a work situation. (Tr. 710).

The ALJ referenced Dr. Gerrity's opinion but omitted the finding that Claimant was markedly limited in her ability to understand, remember, and carry out detailed instructions. (Tr. 21). The ALJ expressly stated that the opinion of the State Agency doctors were afforded "great weight." Id. Moreover, the ALJ did not include any restriction for this activity in his RFC determination. (Tr. 14). In essence, the ALJ rejected Dr. Gerrity's opinion in this regard without providing an explanation or basis for doing so. Certainly, it is well-recognized in this Circuit that an ALJ is not required to discuss every piece of evidence. Clifton v. Chater, 79 F.3d 1007, 1009-10 (10th Cir. 1996). However, he is required to discuss uncontroverted evidence not relied upon and significantly probative evidence that is rejected. Id. at 1010. An ALJ "is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability." Haga v. Astrue, 482 F.3d 1205, 1208 (10th Cir. 2007).

The ALJ identified jobs which would require performance at an R2 reasoning level under the *Dictionary of Occupational Titles*. R2 occupations require the ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions." With Dr. Gerrity's restrictions on understanding

and carrying out detailed instructions, Claimant would be limited to an R1 reasoning level. On remand, the ALJ shall consider the totality of Dr. Gerrity's opinion and limitations and include all such restrictions in his hypothetical questioning of the vocational expert.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent with this Opinion and Order.

IT IS SO ORDERED this 30th day of March, 2015.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE